UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN REIMER STUKENBROCK,<br><br>　　　　　　Defendant. | Case No. 5:15-cr-00034-EJD-1 (HRL)<br><br>**ORDER RE UNITED STATES MOTION TO QUASH SUBPOENAS**<br><br>Re: Dkt. No. 75 |

　　　Defendant Christian Reimer Stukenbrock is charged with 9 counts of wire fraud in violation of 18 U.S.C. § 1343. He allegedly deceived one George Fiegl into giving him over $20 million for investment purposes and then diverted approximately half of those funds for his own personal use and benefit.

　　　Stuckenbrock previously obtained leave of court to serve subpoenas on several of Fiegl's banks. Fiegl moved to quash those subpoenas, and the hearing on that motion was set for November 16, 2016. On the eve of the hearing, the government filed its own motion to quash the same subpoenas, stating that its motion was prompted by discussions held with defense counsel before and during a November 14, 2016 status conference with Judge Davila. Defendant requested an opportunity to provide a written response to the government's motion. This court set an expedited briefing schedule and continued the motion hearing to November 28.

　　　The primary point of contention as between Stuckenbrock and the government is whether

the government has standing to move to quash the subject subpoenas. As stated at the motion hearing, this court concludes that the government has not demonstrated that it has standing.

"A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests." United States v. Tomison, 969 F. Supp. 587, 596 (E.D. Cal. 1997). "Since standing goes to the jurisdiction of the court, the government, as the party attempting to invoke the court's jurisdiction, has the burden of demonstrating that it has standing." Id. "'In many instances, the opposing party in a criminal case will lack standing to challenge a subpoena issued to a third party because of the absence of a claim of privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents.'" Id. (quoting United States v. Beckford, 964 F. Supp. 1010, 1023 (E.D. Va. 1997)).

The government relies primarily on United States v. Raineri, 670 F.2d 702 (7th Cir. 1982), in which the defense cross-examined a prosecution witness at trial for two days and then subpoenaed her to reappear as a defense witness. The prosecutor moved to quash that subpoena, and the trial court granted that motion. On appeal, the defendant argued that the government had no standing to move to quash his trial subpoena. The Seventh Circuit disagreed, stating: "The prosecution's standing rested upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility." Id. at 712. Thus, Raineri did not concern a Fed. R. Crim. P. 17(c) subpoena. And, the apparent concern there was the defense's attempt to subpoena a witness for trial to present what would be cumulative and repetitive testimony, unduly prolonging the trial proceedings.

The government correctly notes that courts have applied Raineri in the Rule 17(c) subpoena context in determining whether the government has standing to move to quash. Even so, "[t]he language in *Raineri*, that the Government has a legitimate interest in 'preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial overemphasis on [the witness'] credibility,' cannot be applied uncritically." United States v. Nachamie, 91 F. Supp.2d 552, 560 (S.D.N.Y. 2000).

Here, the government argues that it has standing because the request for Fiegl's bank

records is not relevant and merely is an improper fishing expedition. However, courts have recognized that "ensuring that a defendant properly complies with Federal Rule of Criminal Procedure 17(c) is 'not a legitimate interest that would confer standing upon the government.'" United States v. Johnson, No. 14-cr-00412 TEH, 2014 WL 6068089, at *3 (N.D. Cal., Nov. 13, 2014) (quoting United States v. Ortiz, No. C12-00119 SI, 2013 WL 6842559, at *2 (N.D. Cal., Dec. 27, 2013)).

The government nevertheless expresses concern that, because Fiegl is not privy to all of the discovery exchanged in this case, he may not be able to adequately defend against Stuckenbrock's arguments. Thus, the government maintains that it has standing to argue that the subpoenas are harassing of Fiegl and that Stuckenbrock has already received in discovery all the information he needs. Fiegl, however, has already raised these same arguments for himself.

Finally, the government contends that Stuckenbrock served these subpoenas solely for the purpose of delaying the trial of this matter. However, this court is unprepared to make such a finding on this record, and is not persuaded, in any event, that it justifies the government's appearance on a motion to quash.

Based on the foregoing, the government's motion to quash is denied for lack of standing.

SO ORDERED.

Dated:   December 9, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:15-cr-00034-EJD-1 Notice has been electronically mailed to:

Amber S. Rosen     amber.rosen@usdoj.gov, caseview.ecf@usdoj.gov

Dawn Cherie Sweatt     dawn.sweatt@berliner.com, rebecca.flores@berliner.com

Frank R. Ubhaus     frank.ubhaus@berliner.com, liz.catabelle@berliner.com, Nicole.Matheson@berliner.com

John Curtis Bostic     john.bostic@usdoj.gov, laurie.worthen@usdoj.gov

Robert Michael Carlin     robert_carlin@fd.org, mara_goldman@fd.org, mary_Jane_Snyder@fd.org, susie_barrera@fd.org

Sara Louise Pollock     sara.pollock@berliner.com, liz.catabelle@berliner.com